UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JEFFREY P. DONNELLY,           )
    Plaintiff,           )
         )
v.                             )
         )
TOWN OF WILBRAHAM,             )  Case No. 16-cv-30175-MAP
PATROLMAN SEAN CASSELLA,       )
SERGEANT SHAWN BALDWIN,        )
CAPTAIN TIMOTHY KANE,          )
TOWN ADMINISTRATOR             )
NICK BREAULT, and              )
DETECTIVE MICHAEL CYGAN,       )
    Defendants           )

REPORT AND RECOMMENDATION REGARDING DEFENDANTS'
MOTION TO DISMISS
(Dkt. No. 6)

ROBERTSON, U.S.M.J.

**I.  Introduction**

  Plaintiff Jeffrey Donnelly ("Plaintiff"), who is self-represented in this matter, filed his complaint alleging civil rights violations and a variety of state law claims in the Hampden County Superior Court.  The complaint contains counts of intentional infliction of emotional distress; reckless infliction of emotional distress; negligence; negligent hiring; negligent training; negligent supervision; battery; assault; false imprisonment; and civil rights violations (Dkt. No. 1-2).  Relying on the count charging violations of Plaintiff's civil rights, the defendants removed the case to this court on the basis of federal question jurisdiction (Dkt. No. 1), then moved to dismiss the complaint for failure to state a claim (Dkt. No. 6).  The presiding District Judge referred the motion to dismiss to the undersigned for report and recommendation (Dkt. No. 17).  After a review of Plaintiff's response to the defendants' motion to dismiss in which he disavowed the intent to assert claims based on 42 U.S.C. § 1983 ("§ 1983"), I directed the parties

1

to further brief the question of whether the complaint asserted any federal claims and whether remand to state court was required (Dkt. No. 18). Based on Plaintiff's opposition to the defendants' motion to dismiss and the parties' further submissions (Dkt. Nos. 20, 21), I believe that remand is required. I therefore recommend that the court refrain from ruling on the defendants' motion to dismiss. Rather, this case should be remanded to the Hampden County Superior Court and closed on this court's docket.

## II.   Discussion

Insofar as pertinent here, a civil action filed in state court may be removed to federal district court if at least one of the claims asserted therein "arises under" federal law. 28 U.S.C. § 1441(a). "'[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own causes of action shows that it is based on those laws or that Constitution.'" *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); citing *Taylor v. Anderson*, 234 U.S. 74 (1914)). Here, defendants' notice of removal stated as the basis for federal question jurisdiction that "the plaintiff, Jeffrey P. Donnelly, alleges violations of his rights pursuant to 42 U.S.C. § 1983" (Dkt. No. 1 at 2, ¶ 3). In point of fact, Plaintiff's complaint did not allege any statutory basis for his claim that the defendants had violated his civil rights (Dkt. No. 1-2 at 11, ¶¶ 110-111). Nowhere in the complaint did plaintiff cite to § 1983. In Plaintiff's summary of the facts, however, he invoked *Terry v. Ohio*, 392 U.S. 1 (1968) and alleged that an officer who stopped him did not have a reasonable suspicion that he had committed, was committing, or was about to commit a crime and arrested him without probable cause (Dkt. No. 1-2 at 5, ¶¶ 42-43). Thus, Plaintiff alleged in his complaint that his rights under the Fourth Amendment to the United States Constitution were violated. *See Klaucke v. Daly*, 595 F.3d 20, 25-25 (1st Cir. 2010)

(plaintiff brought § 1983 action claiming his Fourth Amendment rights were violated by the scope of a *Terry* stop); *Goddard v. Kelly*, 629 F. Supp. 2d 115, 124 (D. Mass. 2009) (an arrest without probable cause may violate an individual's Fourth Amendment rights).

Only two allegations are required to state a claim under 42 U.S.C. § 1983. "'First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.'" *Gilday v. Boone*, 657 F.2d 1, 2 (1st Cir. 1981) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). The First Circuit has said that when a self-represented litigant files a complaint alleging a violation of a federal constitutional right by defendants acting under color of state law, as occurred here, a plaintiff is entitled to have the complaint construed as asserting a claim under § 1983 even when the complaint omits any mention of § 1983. *See id.* Plaintiff alleged that the defendants violated his Fourth Amendment rights (Dkt. No. 1-2 at 5, ¶¶ 43-44), and the defendants are police officers and the town administrator of the Town of Wilbraham, who are alleged to have acted in their official capacities and therefore qualify as state actors (*id.* at 1). Where the elements of a possible claim under § 1983 appeared on the face of a complaint which was filed by a self-represented party who did not identify the statutory basis of his civil rights claim, the defendants had a plausible justification for removing the case to federal court on the basis of federal question jurisdiction notwithstanding that Plaintiff's statement of his causes of action did not clearly show that Plaintiff was asserting any federal claim.

In plaintiff's opposition to the defendants' motion to dismiss, however, Plaintiff argued that the complaint had been removed under false pretenses because he had not asserted a claim under § 1983 and he disavowed the intention to do so (Dkt. No. 14 at 1-3, 15). Indeed, in Massachusetts, § 1983 is not the only possible vehicle for asserting a claim based on civil rights

protected by the United States Constitution.  The Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, § 11l ("MCRA") "provides a right of action to any person whose exercise or enjoyment of rights secured by the federal or state constitution or laws has been interfered with by 'threats, intimidation, or coercion.'"  *Bolduc v. Town of Webster*, 629 F. Supp. 2d 132, 157 (D. Mass. 2009) (citing *Bally v. Northeastern Univ.*, 532 N.E.2d 49 (1989)).

In the supplemental filings requested by the court, the defendants submitted that the complaint was properly removed but agreed that "to the extent that plaintiff confirms that he waives any claim against defendants that is within the original jurisdiction of this Court, including but not limited to claims pursuant to 42 U.S.C. § 1983," the case should be remanded to state court (Dkt. No. 20 at 2).  For his part, Plaintiff stated that he believes this action was wrongfully removed because he never mentioned a cause of action under § 1983 and filed his complaint with the MCRA in mind (Dkt. No. 21 at 1).  Plaintiff requested that his case be remanded to state court (*id.* at 2).

Plaintiff's intention to disavow any claim under § 1983 in this case could be more clearly expressed, but he is not a lawyer, and the sum total of his statements in his filings indicates that in this case, he intended – and intends – to assert civil rights claims under the MCRA and not under 42 U.S.C. § 1983.  The defendants have not identified any basis for removal other than Plaintiff's possible assertion of a § 1983 claim (Dkt. No. 1 at 2, ¶ 3).  A removing defendant has the burden of showing the federal court's jurisdiction.  *See, e.g., Amoche v. Guarantee Trust Life Co.*, 556 F.3d 41, 48 (1st Cir. 2009) (citing *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 522 F.3d 6, 14 (1st Cir. 2008); *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999)).  Furthermore, "[t]he 'removal statute should be strictly construed against removal.'" *Barbuto v. Advantage Sales and Mktg., LLC*, 148 F. Supp. 3d 145, 148 (D. Mass. 2015) (quoting

*Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 11 (1st Cir. 2004) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941))).  Where the complaint does not explicitly invoke § 1983, Plaintiff has disavowed any intention to bring a claim under § 1983 and has requested remand to the state court, and where defendants have not identified any basis in the complaint for federal question jurisdiction other than the disputed possibility of a claim under § 1983, in this court's view, the defendants have not met their burden of showing that this court has federal question jurisdiction in this case.  Accordingly, I recommend that this case be remanded to the state court from which it was removed.  *See generally Barbuto*, 148 F. Supp. 3d at 145 (remanding case where basis of removal was diversity of the parties and removing party could not establish sufficient amount in controversy); *cf. Wilber v. Curtis*, 872 F.3d 15, 23 (1st Cir. 2017) (district court generally should not retain jurisdiction when no federal claims remain in a case and the state law claims present substantial questions of state law that are better addressed by the state courts); *Leclair v. Mass. Bay Transp. Auth.*, Civil Action No. 17-11111-FDS, 2018 WL 314813, at *6 (D. Mass. Jan. 5, 2018) (declining to exercise jurisdiction over state law claims after dismissal of the only federal claims in the case).

### III.     Conclusion

For the foregoing reasons, I recommend that the presiding District Judge refrain from ruling on the defendants' motion to dismiss and, instead, order that this case be remanded to the Hampden County Superior Court, that the file be returned to the Clerk's Office of the Hampden County Superior Court and that the case be closed on this court's docket.  Plaintiff is not entitled

to any award of costs because the defendants had an objectively reasonable basis for removal.

*See Barbuto*, 148 F. Supp. 3d at 150.[1]


Dated: February 6, 2018                          /s Katherine A. Robertson
                                                 KATHERINE ROBERTSON
                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.